# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

RACHEL DEPOULE-VOSS,

    Plaintiff,

v.

SIX CONTINENTS HOTELS, INC., a foreign corporation transacting business in the State of Washington; INTERCONTINENTAL HOTELS GROUP RESOURCES, INC., a subsidiary of Six Continents Hotels, Inc., a foreign corporation transacting business in the State of Washington; and HOLIHIL CORPORATION d/b/a Holiday Inn at Springfield, a franchise of the Intercontinental Hotels Group Resources, Inc.,

    Defendants.

CASE NO. C09-5517BHS

ORDER GRANTING DEFENDANT HOLIHIL CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

    This matter comes before the Court on Defendant Holihil Corporation's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 5). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL BACKGROUND

    On July 29, 2009, Plaintiff filed a complaint for personal injuries against Defendants. Dkt. 1-2 at 9. On August 26, 2009, Defendants removed the action to this Court. Dkt. 1. On September 4, 2009, Defendants answered the complaint. Dkt. 7.

ORDER - 1

On September 3, 2009, Defendant Holihil Corporation ("Defendant") filed a Motion to Dismiss for Lack of Personal Jurisdiction. Dkt. 5. On September 21, 2009, Plaintiff responded. Dkt. 11. On September 25, 2009, Defendant replied. Dkt. 15.

On October 12, 2009, Plaintiff filed a Second Amended Complaint. Dkt. 19 ("Complaint").

## II. FACTUAL BACKGROUND

In the Complaint, Plaintiff alleges as follows:

> 1.4 At all times material hereto, the HOLIDAY INN brand was used throughout the State of Washington to attract customers from the citizens of Washington State. Several hotels using the HOLIDAY INN brand are located in Pierce County, Washington.
> 1.5 At all times material hereto, Defendant HOLIHIL CORPORATION d/b/a HOLIDAY INN AT SPRINGFIELD was a corporation making use of the HOLIDAY INN brand and holding itself out to be a HOLIDAY INN.
> 1.6 Plaintiff's cause of action sounds in Washington law.
> 1.7 This Court has full and proper personal jurisdiction over the person of all parties hereto, and over the subject matter herein.

Plaintiff also alleges that she received an electrical shock and was exposed to toxic mold while staying at the Holiday Inn in Springfield, New Jersey – the hotel owned by Holihil – on November 21, 2007. *Id.*, ¶¶ 2.1-2.6.

Defendant claims that it is incorporated in New Jersey and has its principal place of business in New Jersey. Dkt. 6, Declaration of Susanne Frees, ¶ 3. Defendant claims that it does not transact business in the state of Washington or elsewhere in the United States outside of New Jersey. *Id.*, ¶ 4. Defendant claims that it has no subsidiaries incorporated or qualified to do business in the state of Washington or elsewhere outside the state of New Jersey. *Id.*, ¶ 5. Defendant claims that none of its corporate officers, directors, or employees reside in the state of Washington. *Id.*, ¶ 6. Defendant claims that it has no branch office or comparable facility in the state of Washington or elsewhere in the United States outside of New Jersey, and has no telephone listings or mailing address outside the state of New Jersey. *Id.*, ¶ 7. Defendant claims that it has no bank accounts or other tangible personal or real property in the state of Washington or elsewhere in the

ORDER - 2

United States outside of New Jersey. *Id*., ¶ 8. Defendant claims that it has no registered agent in the state of Washington. *Id*., ¶ 9. Finally, Defendant claims that Defendant Intercontinental Hotels Group Resources, Inc. ("IHG"), "is not an agent of [Defendant]." Dkt. 16, Second Declaration of Susanne Frees, ¶ 6.

## III. DISCUSSION

**A.     Standard**

The party seeking to invoke a federal district court's jurisdiction bears the burden of establishing personal jurisdiction over a defendant. *See, e.g., Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995) (citing *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990)). When the court relies on affidavits and discovery materials without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction to avoid a motion to dismiss under Federal Rule of Civil Procedure 12. *Ochoa v. J.B. Martin and Sons Farms, Inc.*, 287 F.3d 1182, 1187 (9th Cir. 2002). In making this showing, the court "inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (quoting *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 127-28 (9th Cir. 1995)). Uncontroverted allegations in the complaint are taken as true and any conflicts in the affidavits presented by the parties must be resolved in the plaintiff's favor. *Id*. (citations omitted).

In this case, Plaintiff has not provided affidavits or admissible evidence in support of her assertion that personal jurisdiction exists. Plaintiff did provide what appears to be copies of various web pages regarding the financial capacity of IHG. *See* Dkt. 11, Exh. A. Even if these documents were relevant, they are not attached to a declaration of affidavit confirming their authenticity. Therefore, the evidence is unauthenticated and inadmissible.

In considering this motion to dismiss, the Court must rely on Plaintiff's factual allegations contained in her complaint.

**B.      Jurisdiction**

A federal court may exercise personal jurisdiction over a non-resident defendant if jurisdiction is proper under the state's long-arm statute and if the exercise of jurisdiction is consistent with the due process requirements of the United States Constitution. *See, e.g., Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996). Washington's long-arm statute permits jurisdiction over a non-resident defendant to the limits of the United States Constitution. RCW 4.28.185.

Absent traditional bases for personal jurisdiction (physical presence, domicile, or consent), due process is satisfied when a defendant has minimum contacts with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The United States Supreme Court has identified the "relationship among the defendant, the forum, and the litigation" as the "essential foundation of in personam jurisdiction." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). There are two types of personal jurisdiction: general and specific.

**1.      General Jurisdiction**

General personal jurisdiction exists if the defendant has "substantial" or "continuous and systematic" contacts with the forum state. *Fields v. Sedgwick Assoc. Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986). General personal jurisdiction allows a court to hear cases that are not connected to the activities of the defendant in the forum. *Id*.

In this case, Plaintiff has failed to allege that Defendant has a single contact with Washington State. Instead, Plaintiff argues that Defendant "is subject to Washington's general jurisdiction through it's [sic] agent, IHG." Dkt. 11 at 7. Plaintiff, however, merely alleges that Defendant is the agent of IHG (Complaint, ¶¶ 4.2-4.3). This allegation is controverted by Defendant's evidence that "IHG is not an agent of [Defendant]." *See supra*. Plaintiff has failed to meet her burden on this factual allegation

by not submitting any evidence in support of a contested factual allegation. Therefore, the Court finds that Plaintiff has failed to establish that the Court has general personal jurisdiction over Defendant because Plaintiff has failed to make a prima facie showing that Defendant has any contacts with Washington State.

### 2. Specific Jurisdiction

A state may also exert specific jurisdiction over a defendant in certain circumstances. The Ninth Circuit applies a three-part test to determine whether a court may exercise specific jurisdiction over a non-resident defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). If a plaintiff does not satisfy either of the first two prongs, personal jurisdiction is not found. *Id*. However, if a plaintiff meets both prongs, the burden shifts to the defendant to show that the exercise of jurisdiction would be unreasonable. *Id*.

In this case, Plaintiff has failed to submit evidence that Defendant has directed any activity with the forum state or any resident thereof. Plaintiff has also failed to show that Defendant has purposely availed itself to Washington by conducting activities in Washington. Therefore, the Court finds that Plaintiff has failed to establish that the Court has specific personal jurisdiction over Defendant.

# IV. ORDER

It is hereby **ORDERED** that Defendant Holihil Corporation's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 5) is **GRANTED**.

DATED this 28th day of October, 2009.

_____
BENJAMIN H. SETTLE
United States District Judge